IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01429-OES

BILL LASH,

      Plaintiff,

v.

OFFICER CASIAS, Trinidad Police Department,
OFFICER ARLINT, Trinidad Police Department,
CHARLES GLORIOSO, Chief, Trinidad Police Department,
TRINIDAD POLICE DEPARTMENT,
MARTHA FITZGERALD d/b/a "THE MAIL STORE," and
THE CITY OF TRINIDAD,

FILED
UNITED STATES DISTRICT COURT

SEP 2 2 2005

GREGORY C. LANGHAM
CLERK

---

## ORDER TO FILE AMENDED COMPLAINT

---

Plaintiff Bill Lash initiated this action by filing *pro se* a motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Supp. 2005) and a complaint pursuant to 42 U.S.C. § 1983 (2003) for money damages.  Mr. Lash has been granted leave to proceed pursuant to § 1915.

The Court must construe the complaint liberally because Mr. Lash is representing himself.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Lash will be ordered to file an amended complaint.

Mr. Lash may not sue the Trinidad Police Department.  This entity is not separate from the City of Trinidad and, thus, is not a person under 42 U.S.C. § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429

(10th Cir. 1993). Any claims asserted against Defendant Trinidad Police Department must be considered as asserted against Defendant City of Trinidad. Municipalities, such as the City of Trinidad, and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Mr. Lash cannot state a claim for relief under 42 U.S.C. § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

The Court has reviewed the complaint and has determined that the complaint is deficient. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas* , 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule

2

8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Lash's complaint is vague. The complaint does not include a short and plain statement of his claims showing that he is entitled to relief in this action. *See* Fed. R. Civ. P. 8(a)(2). Rather than summarizing each claim succinctly, Mr. Lash apparently expects the Court to speculate who is being sued for what and how his constitutional rights have been violated. That is not the Court's job. It is Mr. Lash's responsibility to edit and organize his claims and supporting allegations into a manageable format. Neither Defendants nor the Court is required to do this work for him. Mr. Lash must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each Defendant that allegedly violated his rights.

Mr. Lash also must assert each Defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable

merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. **See Atkins v. Northwest Airlines, Inc.**, 967 F.2d 1197, 1203 (8th Cir. 1992); **Gillibeau v. City of Richmond**, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8 and that Mr. Lash should be given an opportunity to file an amended complaint. He will be directed to do so below.

Finally, Mr. Lash is advised that he must provide sufficient copies of the amended complaint to serve each named Defendant. The Court will not make the copies necessary for service. Therefore, Mr. Lash should review his claims carefully to ensure that each named Defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Mr. Lash file **within thirty (30) days from the date of this order** an original and a copy of an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Lash, together with a copy of this order, two copies of the following form for use in submitting the amended

4

complaint: Complaint.  It is

FURTHER ORDERED that Mr. Lash submit sufficient copies of the amended complaint to serve each named Defendant.  It is

FURTHER ORDERED that, if Mr. Lash fails to file an original and sufficient copies of an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 22 day of September, 2005.

BY THE COURT:

O. EDWARD SCHLATTER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

### CERTIFICATE OF MAILING

Civil Action No.  05-cv-01429-OES

Bill Lash
11511 County Road 71.1
PO Box 724
Trinidad, CO 81082

      I hereby certify that I have mailed a copy of the **ORDER and two copies of Complaint** to the above-named individuals on 9/22/05

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk