IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 1 3 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-01429-OES

BILL LASH,

    Plaintiff,

v.

OFFICER CASIAS, Trinidad Police Department,
OFFICER ARLINT, Trinidad Police Department,
CHARLES GLORIOSO, Chief, Trinidad Police Department,
THE CITY OF TRINIDAD, and
MARTHA FITZGERALD, d/b/a "THE MAIL ROOM,"

    Defendants.

_____

ORDER TO DISMISS IN PART AND TO DRAW
CASE TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

_____

Plaintiff Bill Lash filed *pro se* a complaint for money damages and injunctive relief pursuant to 42 U.S.C. § 1983 (2003), and 28 U.S.C. § 1343 (1993).  On September 22, 2005, Magistrate Judge O. Edward Schlatter ordered Mr. Lash to file an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, that sues the proper Defendants, and that asserts each Defendant's personal participation in the alleged constitutional violations.  On October 25, 2005, Mr. Lash filed an amended complaint for money damages pursuant to § 1983.  He also asserts supplemental jurisdiction pursuant 28 U.S.C. § 1367 (1993).

Mr. Lash has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915 (Supp. 2005).  Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous.  A

legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Mr. Lash is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to 28 U.S.C. § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe the amended complaint liberally because Mr. Lash is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 110. Under 42 U.S.C. § 1983, a plaintiff must allege that the defendants have violated his rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970). For the reasons stated below, the amended complaint will be dismissed in part pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous.

Mr. Lash asserts that two officers in the Trinidad Police Department, Officer Casias and Officer Arlint, subjected him to excessive force at the time of his arrest on July 22, 2003. The arrest apparently resulted from an unspecified incident involving Martha Fitzgerald, doing business as "The Mail Store." He contends that the alleged

2

acts of excessive force are indicative of a policy by the City of Trinidad. It is not clear whether Plaintiff suffered any physical injury other than being placed in an allegedly sweltering police car for a long enough time period to suffer the initial symptoms of heat exhaustion. He asserts that he suffered emotional injuries as well.

Mr. Lash fails to allege how Charles Glorioso personally participated in the alleged constitutional violations. He appears to be sued in his supervisory capacity as chief of the Trinidad Police Department. As Magistrate Judge Schlatter informed Mr. Lash in the September 22, 2005, order for an amended complaint, personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Therefore, Mr. Glorioso will be dismissed as a party to this action.

Ms. Fitzgerald appears to be a private citizen. Mr. Lash does not allege that Ms. Fitzgerald was acting under color of state law. As previously stated, under 42 U.S.C. § 1983, a plaintiff must allege that the defendants have violated his rights under the Constitution and laws of the United States while they acted under color of state law.

3

*Adickes*, 398 U.S. at 150.  Therefore, Ms. Fitzgerald must be dismissed as a party to this action.  Accordingly, it is

ORDERED that the claims asserted against Defendants Charles Glorioso and Martha Fitzgerald, doing business as "The Mail Store" are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous.  It is

FURTHER ORDERED that the clerk of the Court is directed to correct the Court's docketing records to remove Mr. Glorioso and Ms. Fitzgerald as Defendants. The remaining Defendants are Officer Casias, Officer Arlint, and the City of Trinidad.  It is

FURTHER ORDERED that the case will be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this *12* day of _____*Dec.*_____, 2005.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-01429-OES

Bill Lash
11511 County Road 71.1
PO Box 724
Trinidad, CO 81082

     I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 12/13/05

GREGORY C. LANGHAM, CLERK

By: _____
               Deputy Clerk