IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-01429-PSF-BNB

BILL LASH,

Plaintiff,

v.

OFFICER CASIAS, Trinidad Police Department,
OFFICER ARLINT, Trinidad Police Department, and
THE CITY OF TRINIDAD,

Defendants.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

On December 28, 2005, I ordered the plaintiff to file, on or before February 24, 2006, proof that he had perfected service of the Summons and the Amended Complaint on the defendants. In response to my order, the plaintiff filed an Affidavit in which he states that on January 20, 2006, he requested a waiver of service from the defendants.

On March 15, 2006, defendant City of Trinidad filed an Answer to Amended Complaint and Jury Demand. Defendants Casias and Arlint have not answered or otherwise responded to the Amended Complaint. Apparently, these defendants have declined to waive service. It is incumbent on the plaintiff to personally serve these defendants in accordance with Rule 4, Fed.R.Civ.P.

On March 28, 2006, I ordered the plaintiff to effect proper service on defendants Casias and Arlint pursuant to Rule 4. I further ordered the plaintiff to file proof of service on defendants Casias and Arlint on or before April 24, 2006. No such proofs of service have been received.

Consequently, on May 1, 2006, I ordered the plaintiff to show cause on or before May 15, 2006, why the Complaint should not be DISMISSED as to defendants Casias and Arlint for failure to effect proper service pursuant to Rule 4, Fed.R.Civ.P.  I warned the plaintiff that failure to show cause on or before May 15, 2006, would result in my recommendation that the Complaint be dismissed as to defendants Casias and Arlint for failure to prosecute and failure to comply with an order of the court.  D.C.COLO.LCivR 41.1.  The plaintiff did not respond to my show cause order.  Accordingly,

I respectfully RECOMMEND that the Complaint be dismissed as to defendants Casias and Arlint for failure to prosecute and failure to comply with an order of the court.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated May 19, 2006.

                                                BY THE COURT:

                                                s/ Boyd N. Boland
                                               United States Magistrate Judge