IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-01429-PSF-BNB

BILL LASH,

Plaintiff,

v.

THE CITY OF TRINIDAD,

Defendant.
_____

**ORDER**
_____

This matter is before me on the following:

(1)   Defendant's **Motion to Compel Discovery Responses** [Doc. # 34, filed 8/11/2006] (the "Motion to Compel"); and

(2)   Defendant's **Motion to Dismiss or for Other Sanctions** [Doc. # 37, filed 8/31/2006] (the "Motion for Sanctions").

By minute orders entered August 16, 2006 [Doc. # 36], and September 1, 2006 [Doc. # 39], I set the Motion to Compel and the Motion for Sanctions for hearing on September 14, 2006, at 10:30 a.m. The plaintiff has failed to respond to either of the pending motions; did not appear at the hearing, either in person or by telephone; did not move to vacate or reset the hearing; and did not contact the court in any way. I held the hearing on the motions this morning as scheduled, and made rulings on the record which are incorporated here. As stated on the record, the Motion to Compel is GRANTED, and the Motion for Sanctions is GRANTED IN PART as specified.

The defendant served written discovery on the plaintiff by United States mail on June 26,

2006. Responses to that discovery were due on or before July 30, 2006. The plaintiff has neither objected to nor responded to the discovery. I have reviewed the discovery requests, and find generally that the information requested either is relevant to or is likely to lead to the discovery of admissible evidence concerning the claims and defenses in this case. The plaintiff waived any objections he may have to the discovery by failing to assert them within the time required by the Federal Rules of Civil Procedure. See Pham v. Hartford Fire Ins. Co., 193 F.R.D. 659, 661-62 (D. Colo. 2000). Accordingly, I will GRANT the Motion to Compel and order the plaintiff to answer the discovery requests on or before **September 29, 2006**.

The defendant also seeks an award of its attorneys' fees incurred in bringing the Motion to Compel, pursuant to Rule 37(a)(4)(A), Fed. R. Civ. P. That rule provides:

> If the motion [to compel discovery] is granted . . . the court shall, after affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's disclosure, response, or objection was substantially justified or that other circumstances make an award of expenses unjust.

In this case, the motion was granted in its entirety. The plaintiff failed altogether to respond to the discovery requests; failed to respond to the Motion to Compel; and failed to appear in any way at the hearing on the Motion to Compel. No excuse whatsoever has been offered by the plaintiff for his complete failure to comply with his discovery obligations and with the applicable rules of procedure and orders of this court. The plaintiff was allowed to respond to the Motion to Compel, including that portion of the motion which sought the award of attorneys'

fees, and he failed to do so. I am aware of no justification for the plaintiff's failure to make discovery, and he has offered none. The circumstances here all militate in favor of an award to the defendant of the fees it incurred in bringing the Motion to Compel to cause the plaintiff to comply with his discovery obligations. Consequently, I will award the defendant its reasonable attorneys' fees incurred in bringing the Motion to Compel upon proof of the amount of fees, their necessity, and their reasonableness. To that end, the defendant shall submit on or before **September 29, 2006**, an application for fees supported by an appropriate affidavit and contemporaneous time records.

The Motion to Dismiss is premised on the plaintiff's failure to appear at his deposition on August 30, 2006, as noticed. The plaintiff failed to appear at the date and time required; failed to inform defense counsel that he would not appear as required; and failed to move for a protective order to prevent the deposition from occurring. Once again, the plaintiff simply ignored his discovery obligations, without providing any justification. The defendant seeks the dismissal of the case as a sanction for that misconduct.

Dismissal is a drastic sanction, proper only in the most extreme case. I am not prepared at this time to consider such a severe sanction. Instead, I will order the plaintiff to appear for his deposition at a reasonable date and time to be chosen by the defendant. The deposition shall occur at the offices of defense counsel in Denver, Colorado.

I caution the plaintiff, however, that should be fail to comply with this order and fully discharge his discovery obligations, I will consider imposing a severe sanction, including dismissal of his case.

IT IS ORDERED that the Motion to Compel is GRANTED. The plaintiff shall answer

the Defendant's First Set of Interrogatories to Plaintiff and produce all documents responsive to the Defendant's First Requests for Production of Documents to Plaintiff on or before **September 29, 2006.**

IT IS FURTHER ORDERED that the defendant is awarded its attorneys' fees incurred in bringing the Motion to Compel.  On or before **September 29, 2006**, the defendant shall submit an application for fees supported by an appropriate affidavit and contemporaneous time records in support of the application.

IT IS FURTHER ORDERED that the Motion for Sanctions is GRANTED to require the plaintiff to appear for his deposition at the offices of defense counsel in Denver, Colorado, as it may reasonably be noticed by the defendant, and is DENIED in all other respects.

Dated September 14, 2006.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge