IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-01429-PSF-BNB

BILL LASH,

Plaintiff,

v.

THE CITY OF TRINIDAD,

Defendant.
_____

# ORDER
_____

This matter is before me on the defendant's **Application for Attorney's Fees** [Doc. # 45, filed 9/22/2006] (the "*Application*").  I held a hearing on the *Application* on October 20, 2006, and took the matter under advisement. I now GRANT the *Application* and award the defendant its reasonable attorney's fees in bringing its *Motion to Compel Discovery Responses* [Doc. # 37] (the "*Motion to Compel*") in the amount of $284.00.

The defendant served written discovery on the plaintiff by United States mail on June 26, 2006.  Responses to that discovery were due on or before July 30, 2006.  The plaintiff neither objected nor responded to the discovery.

The defendant filed the *Motion to Compel* responses to the discovery on August 11, 2006. By minute order entered August 16, 2006 [Doc. # 36], I set the *Motion to Compel* for hearing on September 14, 2006, at 10:30 a.m.  The plaintiff failed to respond to the *Motion to Compel*; did not appear at the hearing, either in person or by telephone; did not move to vacate or reset the hearing; and did not contact the court in any way.  I held the hearing on the *Motion to Compel* as

scheduled. After reviewing the discovery requests, I determined that they sought information that either is relevant to or is likely to lead to the discovery of admissible evidence concerning the claims and defenses in this case. *Order* [Doc. # 40, filed 9/14/2006]. I also found that the plaintiff had waived any objections he may have had to the discovery by failing to assert them within the time required by the Federal Rules of Civil Procedure. See Pham v. Hartford Fire Ins. Co., 193 F.R.D. 659, 661-62 (D. Colo. 2000). Consequently, I granted the *Motion to Compel* and ordered the plaintiff to answer the discovery requests on or before September 29, 2006.

In addition, I granted the defendant's request for sanctions under Rule 37(a)(4)(A), Fed. R. Civ. P.,[1] and awarded the defendant its attorney's fees in bringing the *Motion to Compel*, stating:

> [T]he [*Motion to Compel*] was granted in its entirety. The plaintiff failed altogether to respond to the discovery requests; failed to respond to the Motion to Compel; and failed to appear in any way at the hearing on the Motion to Compel. No excuse whatsoever has been offered by the plaintiff for his complete failure to comply with his discovery obligations and with the applicable rules of procedure and orders of this court. The plaintiff was allowed to respond to the Motion to Compel, including that portion of the motion which sought the award of attorneys' fees, and he failed to do so. I am aware of no justification for the plaintiff's failure to

---

[1] Rule 37(a)(4)(A), Fed. R. Civ. P., provides:

> If the motion [to compel discovery] is granted . . . the court shall, after affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's disclosure, response, or objection was substantially justified or that other circumstances make an award of expenses unjust.

>make discovery, and he has offered none.  The circumstances here
>all militate in favor of an award to the defendant of the fees it
>incurred in bringing the Motion to Compel to cause the plaintiff to
>comply with his discovery obligations.  Consequently, I will award
>the defendant its reasonable attorneys' fees incurred in bringing the
>Motion to Compel upon proof of the amount of fees, their
>necessity, and their reasonableness.  To that end, the defendant shall
>submit on or before September 29, 2006, an application for fees
>supported by an appropriate affidavit and contemporaneous time
>records.

*Order* [Doc. # 40] at pp.2-3.

Consistent with my *Order* [Doc. # 40], the defendant submitted the *Application* which includes detailed contemporaneous time records, *Application* at Exh.A [Doc. # 45-2, filed 9/22/2006], and an affidavit establishing the authenticity of the time records and that the work claimed on the time records was reasonable and necessary to the preparation and prosecution of the *Motion to Compel*.  Id. at Exh.B [Doc. # 45-3, filed 9/22/2006].  I note that the time records and the affidavit appear to understate the time spent by the defendant's counsel on the *Motion to Compel*, and thus the fees associated with that motion, because, for example, no time is claimed in connection with Mr. Lane's appearance in court on September 14, 2006, at the hearing on the *Motion to Compel*.

In Robinson v. City of Edmond, 160 F.3d 1275 (10th Cir. 1998), the circuit court reviewed the approach to be used in calculating an award of attorney's fees, stating:

>To determine the reasonableness of a fee request, a court must
>begin by calculating the so-called "lodestar amount" of a fee, and a
>claimant is entitled to the presumption that this lodestar amount
>reflects a "reasonable" fee.  The lodestar calculation is the product
>of a number of attorney hours "reasonably expended" and a
>"reasonable hourly rate."

Id. at 1281.[2]  The analysis has two components: first, whether the hours billed "were 'necessary' under the circumstances," id.; and second, whether the hourly rate charged "is the prevailing market rate in the relevant community."  Guides, Ltd. v. Yarmouth Group Property Mgmt., Inc., 295 F.3d 1065, 1078 (10th Cir. 2002).

I find that the total number of hours claimed in connection with the *Motion to Compel* (3.1) are obviously reasonable and were necessary under the circumstances.  Similarly, I find that the hourly rates charged in connection with the *Motion to Compel* ($120.00 per hour by Mr. Lane, and $65.00 per hour by his assistant) also are obviously reasonable and, in fact, are substantially below the prevailing market rates charged in the metropolitan Denver area.

To establish that the hourly rates charged are the prevailing market rates, the party seeking its attorney's fees must:

> [P]roduce satisfactory evidence--in addition to the attorney's own affidavits--that the requested rates are in line with those prevailing in the community for similar services by lawyers or reasonably comparable skill, experience and reputation.  A rate determined in this way is normally deemed to be reasonable and is referred to--for convenience--as the prevailing market rate.

Guides, Ltd., 295 F.3d at 1078 (quoting Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984)).

Here, as in the Guides, Ltd., case, the only evidence offered in support of defendant's claim that the hourly rates are reasonable is the affidavit of Mr. Lane.  Where, as here, "a district court does not have before it adequate evidence of prevailing market rates, the court may use other relevant factors, including its own knowledge, to establish the rate."  Guides, Ltd., 295 F.3d at 1079.  See Praseuth v. Rubbermaid, Inc., 406 F.3d 1245, 1259 (10th Cir. 2005)(approving the

---

[2]Robinson involved an attorneys' fee award under 42 U.S.C. § 1988.  The approach also is appropriate under Rule 37.

4

district court's determination of the applicable hourly rate by "relying on its knowledge of rates of lawyers with comparable skill and experience practicing" in the relevant market). I am familiar with the rates charged by lawyers in the metropolitan Denver area. I practiced law in the community for nearly 20 years, from 1981 through 2000, prior to becoming a judge. In addition, I review fee applications as a part of my current responsibilities as a United States magistrate judge for the District of Colorado sitting in Denver. As noted earlier, the applicable hourly rates claimed here are substantially below the prevailing market rates charged in the metropolitan Denver area.

The plaintiff opposes the award of attorney's fees, claiming:

> Plaintiff informs the Court that defense counsel Sean J. Lane, #32000, CROSS & LEICHTY, P.C., has not as is the customary practice of Mr. Lane in this and other actions, forwarded to Plaintiff the MOTION referenced by the MINUTE ORDER or for that matter, any MOTION, any NOTICE, or any other document of any flavor.

*Plaintiff's Response to Magistrate Boland's Minute Order* [Doc. # 41, filed 9/15/2006] (the "*Response*"). I am not persuaded.

The *Motion to Compel* and the discovery requests which underlie it all contain certificates of service indicating that they were served on Mr. Lash by United States mail, postage prepaid, at his address of record at P.O. Box 724, Trinidad, Colorado 81082. *Motion to Compel* at p.5; Exh.A at p.7; and Exh.B at p.4. Mr. Lash confirmed at the hearing on the *Application* that this is his correct address. Service by mail is proper and is deemed completed upon mailing. Rule 5(b), Fed. R. Civ. P. In addition, "the law presumes delivery of a properly addressed piece of mail." Moya v. United States, 35 F.3d 501, 504 (10th Cir. 1994); In re Folger, 149 B.R. 183, 186 (D.

Kan. 1992).

IT IS ORDERED that the *Application* is GRANTED. The defendant is awarded its attorney's fees reasonably and necessarily incurred in bringing the *Motion to Compel* in the amount of $284.00. The award is made against the plaintiff, Bill Lash, individually.

Dated October 25, 2006.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge