IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-01429-PSF-BNB

BILL LASH,

Plaintiff,

v.

THE CITY OF TRINIDAD,

Defendant.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter arises in connection with my **Order to Show Cause** [Doc. # 57, filed 10/27/2006] (the *"Order to Show Cause"*). I respectfully RECOMMEND that the *Order to Show Cause* be made absolute and that this action be dismissed with prejudice as a sanction for the plaintiff's failures to prosecute, to comply with the Federal Rules of Civil Procedure concerning the plaintiff's discovery obligations, and to comply with orders of this court.

By an *Order* [Doc. # 40] entered September 14, 2006, I required the plaintiff to appear for his deposition "at a reasonable date and time to be chosen by the defendant," and I further ordered that the deposition occur at the offices of defense counsel in Denver, Colorado. *Order* [Doc. # 40] at p.3. I entered the *Order* because the plaintiff had failed to appear for his deposition on August 30, 2006, as noticed; failed to inform defense counsel that he would not appear as required; and filed to move for a protective order to prevent the deposition from occurring. Id. Pursuant to the *Order*, the defendant noticed the plaintiff's deposition for October 5, 2006, at 10:00 a.m. The plaintiff again failed to appear. *Second Motion to Dismiss or*

*for Other Sanctions* [Doc. # 49, filed 10/10/2006] (the "*Second Motion for Sanctions*") at ¶7.

The *Order* [Doc. # 40] also granted the defendant's motion to compel and required the plaintiff to respond to written discovery on or before September 29, 2006. I am informed that the plaintiff has ignored my order compelling discovery and has not responded to the written discovery as required.

In response to the plaintiff's continued failures to comply with my orders and failure to make discovery as required, the defendant filed the *Second Motion for Sanctions* requesting that the plaintiff be sanctioned. The defendant requested that the plaintiff's claims and this case be dismissed with prejudice.

On October 27, 2006, I entered the *Order to Show Cause* commanding the plaintiff to show cause, if any there be, in writing and on or before **November 7, 2006**, why this case should not be dismissed pursuant to D.C.COLO.LCivR 41.1 for failure to comply with the *Order* [Doc. # 40] entered September 14, 2006, requiring that the plaintiff (1) appear for his deposition as noticed, and (2) respond to the defendant's written discovery on or before September 29, 2006. I warned the plaintiff that his failure to respond to the *Order to Show Cause* and/or failure to show cause could result in the imposition of sanctions, including potentially the dismissal of this case with prejudice.

The *Order to Show Cause* initially was sent to the plaintiff at the wrong address and was returned to the court on November 13, 2006, as undelivered. Also on November 13, 2006, the *Order to Show Cause* was served again on the plaintiff by the Clerk of the Court, this time at his correct address of P.O. Box 724, Trinidad, Colorado 81082. The plaintiff has failed to respond to the *Order to Show Cause* in any way or otherwise to communicate with the court.

Rule 37(b)(2), Fed. R. Civ. P., provides in relevant part:

> If a party . . . fails to obey an order to provide or permit discovery, including an order under subdivision (a) . . . or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among the following:
>
> \* \* \*
>
> (C) An order . . . dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party. . . .

In addition, local rule of practice 41.1, D.C.COLO.LCivR, provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order or dismissal with or without prejudice.

In <u>Ehrenhaus v. Reynolds</u>, 965 F.2d 916 (10th Cir. 1992), the circuit court of appeals stated in connection with the imposition of sanctions in a case like this:

> Determination of the correct sanction for a discovery violation is a fact-specific inquiry that the district court is best qualified to make.
>
> \* \* \*
>
> The district court's discretion to choose a sanction is limited in that the chosen sanction must be both just and related to the particular claim which was at issue in the order to provide discovery. Before choosing dismissal as a just sanction, a court should ordinarily consider a number of factors, including: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction.

965 F.2d at 920-21 (internal quotations and citations omitted).

This is an extreme case, and the imposition of a severe sanction is appropriate. First, the defendant has been severely prejudiced. By refusing to make discovery, the plaintiff has failed to provide any information to the defendant about the bases of his claims and has precluded the defendant from preparing a defense to the claims.

The plaintiff's failure to make discovery as required has substantially disrupted the judicial process by requiring the defendant to file multiple motions to compel and/or for sanctions and requiring the court to rule on those motions. Even when ordered to make discovery, including orders to provide responses to written discovery and to appear for a deposition, the plaintiff obdurately refuses to obey. That obstruction would only become more obvious were the case to progress, because the plaintiff's refusal to submit to discovery will prevent the defendant from adequately preparing its defense of the case and the court from fairly resolving the case.

The plaintiff is proceeding *pro se*. Consequently, he alone is responsible for the actions leading to this recommendation. He has failed to submit to discovery; failed to comply with orders compelling discovery; and failed to respond to the *Order to Show Cause*.

The plaintiff has been warned repeatedly of the possibility of sanctions, including dismissal of the case, if his misconduct is not corrected. See *Order* [Doc. # 40, filed 9/14/2006] at p.3 (declining to enter the sanction of dismissal as requested by the defendant but stating: "I caution the plaintiff, however, that should he fail to comply with this order and fully discharge his discovery obligations, I will consider imposing a severe sanction, including dismissal of his case"); and *Order to Show Cause* [Doc. # 57, filed 10/27/2006] at p.2 (warning the plaintiff that his "failure to respond to this Order to Show Cause and/or failure to show cause may result in the imposition of sanctions, including potentially the dismissal of this case with prejudice").

Notwithstanding those warnings, the plaintiff failed to make discovery as ordered by the *Order* of September 14, 2006, and failed to respond to the *Order to Show Cause*.

Finally, no lesser sanction would be effective. The plaintiff has repeatedly demonstrated his refusal to comply with the Federal Rules of Civil Procedure and orders of this court. I even have attempted lesser sanctions in the form of the award of attorneys' fees, see *Order* [Doc. #56, filed 10/26/2006], to force the plaintiff's compliance, without success. There is no reason to believe that the plaintiff would correct his conduct if the case were dismissed without prejudice. Indeed, the plaintiff has a history of similar misconduct. See Lash v. Trujillo 04-cv-00868-MSK-BNB (D. Colo.) (dismissed for failure to prosecute, noting that "the Plaintiff has engaged in a pattern of repeated, willful disregard of orders by the Court directing his appearance in this case and his preparation of the case for trial").

Under these circumstances, it is apparent to me that dismissal of the action with prejudice is the appropriate sanction.

I respectfully RECOMMEND that the complaint and this action be DISMISSED WITH PREJUDICE as a sanction for the plaintiff's failures to prosecute, to comply with the Federal Rules of Civil Procedure concerning his discovery obligations, and to comply with orders of this court.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In

re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated November 30, 2006.

                                            BY THE COURT:

                                            s/ Boyd N. Boland
                                            United States Magistrate Judge